**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOANNE APRILE,

    Plaintiff,

v.                                             Case No:   2:19-cv-207-FtM-32MRM

J. MCGARVEY CONSTRUCTION COMPANY, INC. and JOHN S. MCGARVEY, Individually,

    Defendants.

## ORDER

In this Fair Labor Standards Act (FLSA) case, Plaintiff Joanne Aprile claims she is owed overtime compensation for hours worked during her employment as a Project Manager with Defendant McGarvey Construction Company, Inc., a custom home builder owned by Defendant John S. McGarvey. Both parties move for summary judgment (Docs. 34, 35) claiming that the only matter in dispute is whether the FLSA's executive exemption applies. That is, whether Plaintiff, a salaried employee, was properly classified as an executive professional employee exempt from the overtime provisions of the FLSA. The Court can only enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Upon review, the Court finds there is a genuine dispute of material fact regarding whether the executive exemption to the FLSA overtime compensation requirements applies. Although Defendants contend Aprile's primary duties were

managerial and has produced some evidence in support of its position, Aprile has produced evidence that her primary duties were not management. This genuine dispute of material fact as to whether Aprile performed on balance more management functions than not precludes summary judgment on this issue. *See Warner v. Walgreen Co.*, No. 9:14-CV-81176, 2015 WL 2341937 (S.D. Fla. May 14, 2015); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008). Because "the [court's] function is not . . . to weigh the evidence," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Court cannot enter summary judgment for either side.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 34) is **DENIED**.

2. Defendants' Motion for Summary Judgment (Doc. 35) is **DENIED**.

3. If the parties are interested in engaging in a settlement conference with the Magistrate Judge, they should file a motion no later than **May 20, 2020**.

4. This case remains **set** for a **final pretrial conference** on **June 19, 2020** at **9:30 a.m.** and trial on the **July 1, 2020 trial term**. See Docs. 23, 28. The deadline for filing the parties' **final pretrial statement** and any further **motions in limine** is sua sponte extended until **June 15, 2020**,

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of May, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Copies to: Counsel of Record

2